UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EUFRASIA HERRERA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO.** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, Safeco Insurance Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, hereby removing this action from the 116th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Eufrasia Herrera ("Plaintiff") and Safeco and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of its Notice of Removal, Defendant would respectfully show the Court as follows:

**I.**

**INTRODUCTION**

This dispute arises from Plaintiff's claim for wind and hail storm damage to his home located at 1405 Haney Lane, Mesquite, Texas 75149-5635 (the "Property").  Plaintiff alleges that Defendant breached a policy of insurance, and violated certain provisions of the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT

("DTPA") by, among other things, failing to pay Plaintiff's claim for damages resulting from the storm.

On January 8, 2015, Plaintiff filed his Original Petition in the 116th Judicial District Court of Dallas County. Safeco was personally served with a citation and a copy of Plaintiff's Original Petition on January 16, 2015 through its registered agent for service of process. Defendant timely filed an answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. §1446(b).

## II.

## BASIS FOR REMOVAL

**A.    DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. See 28 U.S.C. § 1332(a). Plaintiff Eufrasia Herrera is a citizen of Texas. See Plaintiff's Original Petition ¶ 2. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts.

**B.    AMOUNT IN CONTROVERSY**

*1.    Standards*

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount of $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d

1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

### 2.   *Plaintiff's Original Petition*

Plaintiff's Original Petition includes causes of action against Safeco for (1) breach of contract (2) violations of the Texas Insurance Code, Chapters 542 and 541; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and  (4) breach of duty of good faith and fair dealing.   Plaintiff also claims that because Safeco's alleged violations of the DTPA and Insurance Code were committed knowingly, Plaintiff is entitled for "additional damages under the DTPA, section 17.50(b)(1).… thus entitled  to the 18% damages allowed by the Texas Insurance Code".[1]

The breadth of Plaintiff's claims, his allegations regarding the extent of damages to his Property, and the fact that he seeks additional damages under the DTPA, section 17.50(b)(1) suggests that Plaintiff seeks to recover more than $75,000 from Safeco. However, Plaintiff's Original Petition does not include a specific monetary demand and

---

[1] See Plaintiff's Original Petition, ¶45.

does not specifically state the actual damages he claims to have suffered as a result of the alleged storm, or the total amount he seeks from Safeco.

### 3.    *Plaintiff's DTPA Demand*

On January 15, 2015, Safeco received through its registered agent for service of process, Plaintiff's DTPA demand to Safeco that removes all doubt regarding the amount controversy in this case.    Plaintiff's DTPA demand was for a total amount of $239,500,00.    A true and correct copy of Plaintiff's DTPA demand is attached as EXHIBIT 1 to the Affidavit of Mark D. Tillman, which is attached to this Notice of Removal as EXHIBIT A.    The demand claims that Plaintiff's actual damages from the storm are $42,500.00, $127,500.00 in consquential damages, including but not limited to statutory treble damages and $69,500.00 for expenses, including attorney's fees.

### 4.    *Plaintiff's Claim For Attorneys' Fees*

If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).

Here, Plaintiff seeks attorneys' fees in connection with his breach of contract action.[2]  Plaintiff also asserts a claim for attorney's fees for alleged "violations of the Texas Insurance Code."[3]

Removal of this action is therefore proper under 28 U.S.C. § 1441(a).  This is a civil action brought in state court and this Court has original jurisdiction over the subject

---

[2] Plaintiff's Original Petition, ¶43 *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[3] Plaintiff's Original Petition, ¶44.  *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

matter pursuant to 28 U.S.C. § 1332(a).   In addition, Plaintiff's citizenship is diverse from Defendant's.   Finally, taking into account Plaintiff's claims for actual damages of, $42,500.00, $127,500.00 in consquential damages, including but not limited to statutory treble damages and $69,500.00 for expenses, including attorney's fees, the amount in controversy clearly exceeds $75,000.

### III.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c).   Additionally, the following exhibits are attached:

- **EXHIBIT B:** Index of all documents filed in state court;

- **EXHIBIT C**: Register of Actions in the state court action;

- **EXHIBIT D-1-D-2**: A copy of each document filed in the state court action.

### IV.

### CONCLUSION AND PRAYER

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the District Court, 116th Judicial District, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Mark D. Tillman*

MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email:  mark.tillman@tb-llp.com
           colin.batchelor@tb-llp.com

**ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY OF
INDIANA**

<u>**CERTIFICATE OF SERVICE**</u>

        This is to certify that a true and correct copy of Defendant's Notice of Removal has been forwarded to Plaintiff's counsel of record via electronic means and/or facsimile, on the 12th day of February 2015 in accordance with the Federal Rules Of Civil Procedure.

        Jason M. Byrd
        SBN 24036303
        Thomas C. Mayo
        SBN 24032703
        The Byrd Law Firm
        448 Orleans Street
        Beaumont, Texas 77701
        Telephone:  (409) 924-0660
        Facsimile:   (409) 924-0035
        Jason@txbyrd.com
        Thomas@txbyrd.com

/s/Mark D. Tillman
MARK D. TILLMAN