

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 13367018**
**Date Processed: 01/16/2015**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Eufrasia Herrera vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, Texas |
| **Case/Reference No:** | DC-15-00183 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/16/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jason M. Byrd<br>409-924-0660 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT D-2

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To: SAFECO INSURANCE COMPANY OF INDIANA
    BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620
    AUSTIN TX  78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EUFRASIA HERRERA**

Filed in said Court **7th day of January, 2015** against

**SAFECO INSURANCE COMPANY OF INDIANA**

For Suit, said suit being numbered **DC-15-00183,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition ,a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of January, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By_____, Deputy
        TONYA POINTER

---

**E-SERVE**

# CITATION

**DC-15-00183**

EUFRASIA HERRERA
vs.
SAFECO INSURANCE COMPANY OF INDIANA

ISSUED THIS
**8th day of January, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: TONYA POINTER, Deputy

**Attorney for Plaintiff**
JASON M. BYRD
THE BYRD LAW FIRM PC
448 ORLEANS ST
BEAUMONT TX  77701
409-924-0660

# OFFICER'S RETURN

Case No. : DC-15-00183

Court No. 116th District Court

Style: EUFRASIA HERRERA

vs.

SAFECO INSURANCE COMPANY OF INDIANA

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M. Executed at _____,
within the County of _____ at _____ o'clock ____.M. on the _____ day of _____,
20____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20____,
to certify which witness my hand and seal of office.

Notary Public_____County_____

FILED
DALLAS COUNTY
1/7/2015 3:51:06 PM
FELICIA PITRE
DISTRICT CLERK
Tonya Pointer

Case 3:15-cv-00504-D   Document 1-5   Filed 02/12/15   Page 4 of 14   PageID 21

CAUSE NO. DC-15-00183

| | | |
|---|---|---|
| EUFRASIA HERRERA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE | § | |
| COMPANY OF INDIANA | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EUFRASIA HERRERA**, Plaintiff herein, who files this Original Petition against the Defendant, **SAFECO INSURANCE COMPANY OF INDIANA** and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2. Plaintiff, **EUFRASIA HERRERA**, is an Individual who resides in **DALLAS** County, Texas.

3. Defendant, **SAFECO INSURANCE COMPANY OF INDIANA**, is a Texas insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its general manager or any other officer located at **CORPORATION SERVICE COMPANY 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218**.

### C. Jurisdiction

4. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5. The Court has jurisdiction over Defendant **SAFECO INSURANCE COMPANY OF INDIANA** because Defendant is a citizen of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### D. Venue

6. Venue is proper in **DALLAS** County, Texas because the insured property is situated in **DALLAS** County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

7. Plaintiff was the owner of Texas Homeowner's Policy number OY6833805 issued by Defendant, **SAFECO INSURANCE COMPANY OF INDIANA** (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at **1405 HANEY LN., MESQUITE, TX 75149-5635**.

8. Defendant **SAFECO INSURANCE COMPANY OF INDIANA** sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of windstorm and hail damage.

9. Plaintiff submitted a claim to Defendant with date of loss **December 19, 2012** for windstorm and hail damage to the dwelling and contents of the home.

10. Defendant assigned claim number **557965615036** to Plaintiff's claim.

11. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

12. Defendant improperly paid Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

13. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendant. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

14. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

15. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(2).

16. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(3).

17. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(4).

18. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(7).

19. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.055.

20. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.056.

21. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.055.

22. From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was

reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

23. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

24. Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### F. Causes of Action

### Breach of Contract

25. Defendant, SAFECO INSURANCE COMPANY OF INDIANA's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

26. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

## Violations of the Texas Insurance Code

27. Defendant's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

28. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

29. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

31. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

33. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

34. Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

35. Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

**Breach of the Duty of Good Faith and Fair Dealing**

36. Defendant, SAFECO INSURANCE COMPANY OF INDIANA's conduct constitutes a breach of the common law duty of goodfaith and fair dealing owed to insureds in insurance contracts.

37. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## H. Knowledge and Intent

38. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## I. Texas Deceptive Trade Practices Act

39. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

40. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c. Advertising goods or services with intent not to sell them as advertised;

    d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h. Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, EUFRASIA HERRERA, complains of SAFECO INSURANCE COMPANY OF INDIANA, and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

42. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

43. For breach of contract, Plaintiff is entitled to regain the benefit of **her** bargain, which is the amount of the claims, together with attorney's fees.

44. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE ANN. Section 541.060.

45. For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of **her** claims, as well as eighteen (18) percent interest per annum postjudgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show herself to be justly entitled.

46. For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

*/s/ Jason M. Byrd*

---

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
Thomas C. Mayo
State Bar No. 24032703
Thomas@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*/s/ Jason M. Byrd*

---

Jason M. Byrd

7010 2780 0002 4435 7020

Nell McCallum & Associates, Inc.
2615 Calder, Suite 111
Beaumont, TX 77702

U.S. POSTAGE PITNEY BOWES

ZIP 77702
02 1R
0001379024 JAN 13 2015

Safeco Insurance Company
Serv: CSC
711 East 7th Street, Ste. 620
Austin, Tx 78701